# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL R. BETHA** | : | **CIVIL ACTION** |
| v. | : | **NO. 17-3078** |
| **J. LANE**, *et al.* | : | |

# ORDER

**AND NOW**, this 22nd day of June 2018, upon considering Darrell R. Betha's Petition for writ of *habeas corpus* (ECF Doc. No. 1), the District Attorney's Response (ECF Doc. No. 12), following careful and independent review of the Honorable Thomas J. Rueter's April 4, 2018 well-reasoned Report and Recommendation (ECF Doc. No. 13) and Mr. Betha's Objections to the Report and Recommendation (ECF Doc. No. 21), it is **ORDERED**:

1. We **APPROVE** and **ADOPT** Judge Rueter's well-reasoned Report and Recommendation (ECF Doc. No. 13)[1];

---

[1] Darrell R. Betha raises five objections to Judge Rueter's Report and Recommendation. His first two claims are not exhausted in state court and are procedurally defaulted; his third claim cannot afford relief; and, his fourth and fifth claims cannot proceed in federal court. Following our independent review, we dismiss his petition and deny his request for an evidentiary hearing.

On December 1, 2005, a state court jury found Mr. Betha guilty of third-degree murder and possession of an instrument of crime. The trial judge sentenced Mr. Betha to twenty to forty years incarceration. After appealing *nunc pro tunc*, the Pennsylvania Superior Court affirmed his sentence on May 20, 2010, and the Pennsylvania Supreme Court denied his request for direct appeal on March 1, 2011. Three years later, the Post-Conviction Relief Act court appointed counsel to pursue collateral relief. The PCRA court dismissed his petition on June 9, 2015. On August 17, 2016, the Pennsylvania Superior Court dismissed his appeal of the denial of PCRA relief for failing to file a brief. A second petition for collateral relief, dismissed by the PCRA court once more, is now pending in the Pennsylvania Superior Court.

Mr. Betha petitioned for a writ of *habeas corpus* under 28 U.S.C. §2254 arguing: trial counsel was ineffective for failing to investigate the discovery material and/or interview potential self-defense witnesses; trial counsel was ineffective for failing to object to the prosecutor's closing argument; PCRA counsel was ineffective for failing to raise a layered claim of trial and appellate

counsel's ineffectiveness; the PCRA court erred in dismissing petitioner's PCRA petition without an evidentiary hearing; and, the trial court abused its discretion in sentencing petitioner outside the standard guidelines' recommended range. The Philadelphia District Attorney responded each claim is procedurally defaulted and Mr. Betha's third, fourth, and fifth claims are non-cognizable on habeas review.

A *habeas* petitioner must first exhaust all of his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). In Pennsylvania, *habeas* petitioners are not required to appeal to the Pennsylvania Supreme Court to satisfy the exhaustion requirement. *Lambert v. Blackwell*, 387 F.3d 210 (3d Cir. 2004). A petitioner generally cannot succeed on a *habeas* claim if they fail the procedural requirements of exhausting their state claim. *Martinez v. Ryan*, 556 U.S. 1 (2012). But we will allow the *habeas* claim if the procedural rule is not independent and adequate, the petitioner can show cause for failure to comply, or a fundamental miscarriage of justice would occur,. *Boyd v. Waymart*, 579 F.3d 330, 368 (3d Cir. 2009).

Mr. Betha failed to file a brief while the superior court reviewed his appeal from the PCRA court's first denial of his claim for collateral relief. Under Pennsylvania's rules of appellate procedure, the superior court dismissed his appeal. Pa. R. App. P. 2101 ("Brief and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed"). We recognize Rule 2101 as independent and adequate. *See London v. Glunt*, No. 12-4359, 2013 WL 3199638 at *6 (E.D.Pa June 25, 2013); *Dotson v. Chamberlain*, No. 8-149, 2008 WL 47627666 at *4 (E.D.Pa Oct. 30, 2008). Mr. Betha has also not shown cause for failing to comply with the procedural rule nor has he shown a fundamental miscarriage of justice. Mr. Betha objects, arguing policies of the Department of Corrections prevented him from bringing documents during a prison transfer which he needed to write his brief. However, the Department of Corrections allowed Mr. Betha to bring files related to his civil action with him; in addition, he had access to a law library while transferred. Mr. Betha's PCRA claim and appeal, dismissed by the Pennsylvania Superior Court for failing to file a brief, procedurally defaults his first two claims challenging his trial counsel's effectiveness.

Mr. Betha's third, fourth, and fifth claims cannot satisfy a *habeas* review. There are no grounds for relief for incompetency of counsel during post-conviction proceedings, invalidating his third claim. 28 U.S.C. § 2254(i). The denial of an evidentiary hearing is a state law claim, and cannot be brought in a *habeas* action, barring his fourth claim. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *Brookins v. Wenerowicz*, 2018 WL 3008502 (E.D. Pa. June 15, 2018). Similarly, Mr. Betha's fifth claim challenging the deviation for state sentencing guidelines is also a state law claim, which is not cognizable in federal court. *Pringle v. Court of Common Pleas*, 744 F.2d 297 (3d Cir. 1984).

Mr. Betha also requested an evidentiary hearing. The decision to grant an evidentiary hearing is "left to the sound discretion of district courts." *Goldblum v. Klem*, 510 F.3d 204, 221 (3d Cir. 2007) (citation omitted). Federal law prohibits evidentiary hearings on claims with an undeveloped factual basis in state court. 28 U.S.C. § 2254(e)(2). A petitioner must make "a prima facie showing that would enable him to prevail on the merits of the asserted claim" for an

2. We **DENY and DISMISS** Mr. Betha's Petition for writ of *habeas corpus* (ECF Doc No. 1) with prejudice and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability as Mr. Betha has not demonstrated reasonable jurists would debate the correctness of the procedural aspects of this ruling nor has he made a substantial showing of the denial of a constitutional right; and,

4. The Clerk of Court shall **close** this case.

_____
KEARNEY, J.

---

evidentiary hearing. *Morris v. Beard*, 633 F.3d 185, 196 (3d Cir. 2011). Mr. Betha did not make a *prima facie* showing, nor does he meet other exceptions to permit a hearing. 28 U.S.C. §2254(e)(2).